**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**DAKOTA STEVEN PROCTOR
and DERRICK WAYNE WALKER,**

      **Plaintiffs,**

v.                                        Case No. 2:19-cv-00379

**SOUTH CENTRAL REGIONAL JAIL,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

The Complaint herein, which concerns various conditions of confinement at the South Central Regional Jail ("SCRJ"), names Dakota Steven Proctor and Derrick Wayne Walker, inmates at the SCRJ, as plaintiffs. However, only Proctor filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Proctor is not an attorney and cannot represent the interests of other inmates in this matter. *See Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) ("it is plain error for a pro se inmate to represent other inmates").

Furthermore, while the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners may not join together as plaintiffs in a single section 1983 action, a number of other courts have determined that the Prison Litigation Reform Act ("PLRA") prohibits such joinder. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (the PLRA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Rule 20 of the Federal Rules of Civil

Procedure); *Griffin v. Nettles*, No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *Galeas v. United States*, No. 5:14-cv-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis*, No. 5:13-cv-21991, 2014 WL 2589755, at *1 n.1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple prisoner plaintiffs may not proceed in forma pauperis in the same civil action.").

Moreover, each inmate's claims will require individualized determinations; thus, joinder is not appropriate herein. Accordingly, to the extent that inmate Walker may wish to pursue such claims *pro se*, he must file his own separate civil action, which will be evaluated individually under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), as appropriate.

Therefore, it is hereby **ORDERED** that the instant civil action, Case No. 2:19-cv-00379, shall pertain only to Dakota Steven Proctor. The Clerk is directed to open a new civil action for Derrick Wayne Walker.

Once the new civil action is opened, Walker shall be terminated as a plaintiff in this case number. In Walker's civil action, the Clerk shall docket this Memorandum Opinion and Order, followed by the Complaint filed herein, and the Standing Order in Re Assignment of Magistrate Judges. Upon the opening and docketing of Walker's case, the undersigned will conduct a preliminary review of each case.

The Clerk shall mail a copy of this Memorandum Opinion and Order to each plaintiff.

ENTER: May 22, 2019

Dwane L. Tinsley
United States Magistrate Judge